# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 21, 2011 Session

## PACKAGE EXPRESS CENTER, INC., v. DOUG MAUND, et al.

**Appeal from the Chancery Court for Greene County**
**No. 20050284     Hon. Thomas R. Frierson, II., Chancellor**

---

**No. E2010-02187-COA-R3-CV-FILED-JULY 29, 2011**

---

In the initial suit between these parties, plaintiff sued and recovered damages for breach of contract and attorney's fees as provided in the contract between the parties. Subsequently, plaintiff brought this action for additional attorney's fees to recover the fees incurred in collecting the judgment against defendants. The Trial Court awarded attorney's fees and defendants appealed to this Court. We reverse the Judgment of the Trial Court and hold that the statute of limitations barred further recovery under the terms of the contract between the parties.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which JOHN W. MCCLARTY, J., joined, and D. MICHAEL SWINEY, J., joined and filed a separate concurring opinion.

Kelli L. Thompson and Kyle A. Baisley, Knoxville, Tennessee, for the appellants, Doug Maund and Emm-Dee Drug Company, Inc.

William S. Nunnally, Greeneville, Tennessee, for the appellee, Package Express Center, Inc.

## OPINION

## Background

Plaintiff, Package Express Center, Inc., filed a Complaint for Declaratory Judgment against Doug Maund and Emm-Dee Drug Company, Inc., d/b/a Athens Pharmacy, alleging that Maund lived in Alabama, and that Emm-Dee was an Alabama corporation doing business as Athens Pharmacy in Athens, Alabama. This protracted litigation began with a breach of contract action filed by plaintiff in 1995, after defendants terminated the parties' 1988 agreement regarding shipment of packages, but continued to ship packages in violation of an 18-month covenant not to compete contained in the parties' agreement.

Defendants raised the issue of personal jurisdiction in their Answer, but the case was tried on the merits, and defendants defended the merits of the action. The Trial Court granted judgment to plaintiff for $12,502.00, plus a prospective injunction to prohibit defendants from shipping packages for 18 months from the date of the judgment. This judgment was rendered in 2000.

Defendants then appealed to this Court. On May 30, 2001, we affirmed the Trial Court's decision finding that the covenant not to compete had been breached, but reversed the Trial Court's award of damages and injunctive relief, and remanded to the Trial Court to set reasonable damages for defendants' breach of the covenant not to compete, and also to make an award of reasonable attorney's fees pursuant to the parties' agreement. We held that the parties' agreement did not continue to be operational up through the time of trial, as the Trial Court had found, but held that the covenant not to compete had been breached after the contract was terminated. *Package Express Center, Inc., v. Doug Maund and Emm-Dee Drug Co., Inc., d/b/a Athens Pharmacy,* (Tenn. Ct. App. Knoxville, May 30, 2001).

After remand, the Trial Court entered a judgment for plaintiff for $16,503.00 plus interest on September 11, 2003, which included a nominal amount of compensatory damages plus attorneys fees.

In the present action, plaintiff asserts the judgment became final and defendants failed to pay to satisfy the judgment, and plaintiff then sought to domesticate the judgment in Alabama. Plaintiff states that defendants once again raised the jurisdiction issue in Alabama. The Alabama Trial Court declined to enroll the Tennessee judgment, but on appeal to the Alabama Court of Appeals, the Alabama Court of Appeals ruled the judgment could be

domesticated and that any objections to personal jurisdiction were unfounded.[1]

In the case before us, the Trial Court conducted a hearing on May 24, 2010, and entered a Judgment, finding that the parties' agreement provided that attorneys fees could be recovered, and that the claim for fees in this case was a "new and separate claim for breach of contract and for attorney's fees incurred by it after domestication efforts were begun in the State of Alabama". The Trial Court awarded plaintiff attorneys fees of $30,809.00, on the basis that the defendants were "in further breach of the 1988 contract".

The issues presented for review are:

1.    Whether PEC is barred by res judicata or estopped from claiming additional attorneys fees related to the 1995 case by the Satisfaction of Judgment entered in Alabama?

2.    Whether PEC's claim for additional attorney's fees under the 1988 agreement is barred by the six year statute of limitations on actions for breach of contract?

3.    Whether the court has personal jurisdiction over defendants?

4.    Whether PEC's request for additional attorney's fees in the instant litigation is a procedurally improper attempt to alter or amend the 2003 judgment from the 1995 case?

## DISCUSSION

Appellants have raised several issues with regard to the Trial Court's judgment awarding additional attorneys fees to plaintiff. We conclude the Appellants' second issue regarding statute of limitations is dispositive of this appeal.

Tennessee has long adhered to the "American Rule" regarding attorneys fees, which is that litigants should pay their own fees absent a statute or an agreement providing otherwise. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186 (Tenn. 2000). In this case, plaintiff sought payment of attorneys fees pursuant to a provision in the parties' agreement, which stated:

If Lessee should fail to pay as herein provided when the same shall be due, or if the Lessee shall commit a breach of any of its obligations hereunder, then Lessor shall .

---

[1]The Judgment was ultimately satisfied by defendants.

. . recover reasonable attorney's fees, court costs, and interest (10% A.P.R.) should it be necessary for the Lessor to commence legal action to collect sums due under this lease.

This provision was the only basis for plaintiff's claim for attorneys fees.

In the appeal of the first action for breach of contract, this Court specifically rejected the idea that this contract had not been properly terminated and continued to be operational through the time of the first trial, as the Trial Court had found. We held that defendants had terminated the contract and breached the same by continuing to ship packages after the termination, and that the correct measure of damages would be the lost profits for the 18 months following the termination of the contract, as that was the length of the non-compete covenant, plus an additional 60 days because defendants failed to give the requisite 60 days notice for termination. We then remanded the case to the Trial Court for a determination of those damages, plus a reasonable attorneys fee in accordance with the contractual provision.

This contract terminated in early 1995, and the breach of the covenant not to compete was committed within the 18 months thereafter, and pursuant to the Tennessee six-year statute of limitations on actions on contract, the plaintiff's 2005 claim for additional attorneys fees is untimely. Tenn. Code Ann. §28-3-109(a)(3). The only basis for plaintiff to receive an award of attorney's fees is under the contractual provision, but it specifically states that it is triggered by defendants' failure to pay sums due under the original contract, or when the contract is breached and plaintiff has to file a legal action. This is the history of this case, defendants breached the covenant not to compete and plaintiff filed a legal action, and received an award of attorneys fees in that action, and those were included in the judgment which plaintiff ultimately domesticated in Alabama.

As we have previously stated, "a cause of action for breach of contract accrues on the date of the breach or when one party demonstrates a clear intention not to be bound by the contract." *Coleman Management, Inc. v. Meyer*, 304 S.W.3d 340 (Tenn. Ct. App. 2009). "Thus, the statute of limitations begins to run when a contracting party first knows or should know that the contract will not be performed." *Id., quoting Wilkins v. Third Nat'l Bank in Nashville*, 884 S.W.2d 758, 762 (Tenn. Ct. App. 1994).

It is clear that the only breach of the terms of this contract occurred when defendants continued to ship packages after termination, in violation of the non-compete covenant, as we have already held. There was no "further breach" of the contract's terms, simply because litigation continued in the courts. After the non-compete expired, the parties' obligations under the contract were concluded, and there could be no further breach of the contract terms. As such, any lawsuit for breach of contract would have to have been filed within six

-4-

years of that time, but instead, this lawsuit was not instituted for more than ten years, and was untimely.

Defendants cite numerous cases which they claim supports their position that a lawsuit for fees can be filed after the contract action is over, but these cases do not address the statute of limitations. Moreover, these cases deal with fee-shifting provisions which require a "prevailing party" in the litigation, which was not the case with this provision. PEC argues that its claim for attorney's fees did not accrue until the first judgment became final in 2003, but cites no controlling authority for this proposition. PEC ignores the fact that it received the fees it sought up to that point in the 2003 judgment.

We conclude that the action before us is barred by the Statute of Limitations, and all other issues are pretermitted as moot.

The Judgement of the Trial Court is reversed and the cost of the appeal is assessed to Package Express Center, Inc., and the cause remanded.

_____
HERSCHEL PICKENS FRANKS, P.J.

**PACKAGE EXPRESS CENTER, INC., v. DOUG MAUND, et al.**

**Appeal from the Chancery Court for Greene County**
**No. 20050284     Hon. Thomas R. Frierson, II., Chancellor**

---

**No. E2010-02187-COA-R3-CV-FILED-JULY 29, 2011**

---

D. MICHAEL SWINEY, J., concurring.


I concur in the decision to reverse the judgment of the Trial Court.  I write separately to express my opinion that the "American Rule" regarding attorney fees, as discussed in the majority's Opinion, by itself requires this decision by this Court.

As stated by Plaintiff in its brief before this Court, this current lawsuit was filed by Plaintiff to collect additional attorney fees incurred by Plaintiff in its attempt to enforce its original judgment.  These additional attorney fees were not incurred to enforce the terms of the contract which, as discussed by the majority, "terminated in early 1995..." but were incurred, as stated by Plaintiff, to enforce its judgment.

As stated by the majority, "Tennessee has longed adhered to the 'American Rule' regarding attorney fees, which is that litigants should pay their own fees absent a statute or an agreement providing otherwise. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186 (Tenn. 2000)."  I believe Plaintiff's "additional attorney fees" were not incurred to enforce its contract as that contract had been terminated long before those fees were incurred.  The additional attorney fees Plaintiff is attempting to recover are nothing more than attorney fees incurred by Plaintiff to enforce its judgment.  As there is no statute or agreement providing for the award of attorney fees incurred in enforcing its judgment, I believe the "American Rule" prohibits Plaintiff's recovering its additional attorney fees incurred to enforce its judgment.  As such, I concur in the majority's Opinion to reverse the judgment of the Trial Court.


_____
D. MICHAEL SWINEY, J.